IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 21-cv-00146-CMA-KLM

ROBERT HILL,

    Plaintiff,

v.

WALMART INC.,

    Defendant.

**ORDER**

This matter is before the Court on Defendant Walmart, Inc.'s Motion to Compel Arbitration Pursuant to 9 U.S.C. § 4 (Doc. # 13). The Motion is granted for the following reasons.

## I.    BACKGROUND

Plaintiff, Robert Hill, is a Minnesota tax attorney. (Doc. # 1, ¶ 2). In 2017, Walmart hired Hill to represent the company in property tax appeals in Minnesota. (Doc. # 1, ¶¶ 12-25; Doc. # 20, p. 3). The parties entered into an agreement titled "Master Engagement Letter" ("MEL") outlining the scope of the representation. (Doc. # 1, ¶¶ 12-13; Doc. # 12). Later, Walmart expanded Hill's portfolio to include tax work in Wisconsin and Colorado. (Doc. # 20-1). Walmart issued "Letters of Authorization" ("LOA") granting Hill authority to act as Walmart's Agent "in all matters pertaining to the assessment on personal property located in . . . the State of Colorado." (Doc. # 20-1).

1

Hill now alleges that Walmart refused to pay him for his services in Wisconsin and Colorado. (Doc. # 1, ¶¶ 34, 37, 42). Hill is suing Walmart for, among other things, breach of contract and civil theft. (Doc. # 1).

Walmart now seeks to compel arbitration pursuant to the arbitration clause in the MEL. (Doc. # 13). That clause provides: "Any dispute or controversy arising under or in connection with this MEL shall be settled by arbitration." (Doc. # 12, p. 13). Walmart argues that this dispute arises "under or in connection with" the MEL, and that it must therefore be arbitrated. (Doc. # 13).

Hill counters that the arbitration clause does not apply. Specifically, Hill argues that the MEL applies only to legal work performed by Hill in Minnesota. (Doc. # 20, pp. 2, 10-12). This lawsuit, by contrast, arises from non-legal work Hill performed in Wisconsin and Colorado. (Doc. #20, pp. 10-15). Therefore, Hill argues, this case does not "arise under" the MEL, and it is not subject to arbitration.

The Court agrees with Walmart.

## II.     **LEGAL STANDARD**

Federal policy favors arbitration. *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). Therefore, if the parties to a lawsuit have an arbitration agreement, courts generally direct the parties to resolve their disputes through arbitration. *AT&T Mobility LLC v. Concepion*, 561 U.S. 333, 339 (2011). However, where the parties disagree as to whether a particular dispute should be arbitrated, the court must determine whether the dispute falls within the scope of the agreement. *Moses H. Cone*, 460 U.S. at 24-25.

"To determine whether a particular dispute falls within the scope of an agreement's arbitration clause, a court should undertake a three-part inquiry." *Cummings v. FedEx Ground Package Sys.*, Inc., 404 F.3d 1258, 1261 (10th Cir. 2005) (quoting *Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading Inc.*, 252 F.3d 218, 224 (2d Cir.2001) (internal quotation marks omitted)). First, the court classifies the arbitration clause as "narrow" or "broad." *Id.* If "the parties clearly manifested an intent to narrowly limit arbitration to specific disputes," the clause is narrow; if the clause "refers all disputes arising out of a contract to arbitration," it is broad. *Chelsea Family Pharmacy, PLLC v. Medco Health Solutions, Inc.*, 567 F. 3d 1191, 1196 (10th Cir. 2009). Next, the court determines whether the dispute concerns a matter "within the purview of the clause," or whether it concerns a "collateral issue." *Cummings*, 404 F.3d at 1261 (internal quotations omitted). Where the arbitration clause is narrow, a collateral matter will generally be ruled beyond its purview; where the arbitration clause is broad, there is a presumption of arbitrability, and even collateral issues will be subject to arbitration if they implicate the parties' rights and obligations under the contract. *Id.* (quoting *Louis Dreyfus*, 252 F.3d at 224 (internal quotation marks omitted)).

"[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone*, 460 U.S. at 24-25.

### III. ANALYSIS

The Court finds that the MEL requires the parties to arbitrate this dispute. First, the MEL contains a "broad" arbitration clause: it states that the parties agree to arbitrate "[a]ny dispute or controversy arising under or in connection with this MEL." (Doc. # 12,

3

p. 12). A contract that "refers all disputes arising out of a contract to arbitration," must be classified as a "broad" arbitration clause, which creates a presumption of arbitrability. *Chelsea Family Pharmacy* 567 F. 3d at 1196. Thus, the MEL's broad arbitration language creates a presumption that this dispute must be arbitrated. *Id.*

Next, this dispute concerns a matter "within the purview" of the arbitration clause. *Cummings*, 404 F.3d at 1261. By Hill's own admission, the MEL "sets forth the terms and conditions of Walmart and [Hill's] business relationship." (Doc. # 20, p. 3; *see also* Doc. # 1, ¶ 13 (the MEL is the "written agreement setting forth the terms and conditions of [Hill's] business relationship" with Walmart). There can be no dispute that this lawsuit arises out of that business relationship. Therefore, this lawsuit arises "under or in connection with" the MEL, and it is subject to arbitration. (Doc. # 12, p. 12).

Hill argues, however, that MEL does not apply to this case. (Doc. # 20, p. 10). According to Hill, the MEL merely "governs relationships between Walmart and its *legal counsel*." (Doc. # 20, p. 9 (emphasis in original)). Hill claims that this case arises, not from his legal work, but from other non-legal work Hill performed on Walmart's behalf. (Doc. # 20, p. 9). Therefore, Hill argues, this case is outside the purview of the MEL, and it is not subject to arbitration. This argument is unavailing.

The MEL's arbitration clause is not limited to disputes over "legal services." To the contrary, the MEL expressly provides that Hill was engaged "to handle legal *and other selected matters*," and that the MEL governs "every matter assigned to [Hill] by [Walmart]," legal or not. (Doc. # 12, p. 2 (emphasis added)). Hill offers no explanation why his work in Colorado and Wisconsin would not be considered an "other selected

4

matter" subject to the provisions of the MEL. Therefore, Hill's argument fails based on a plain-language reading of the MEL.

Hill also argues, however, that the MEL does not apply to work performed in Colorado. (Doc. # 20, p. 9). "Colorado is neither referenced or otherwise included in the scope of the MEL," Hill contends, so he cannot be required to arbitrate disputes arising from his work in Colorado. (Doc. # 20, p. 12). This argument also fails.

The MEL's arbitration clause is not limited to disputes arising in any particular state. Rather, the MEL applies to "[a]ny dispute" between the parties, regardless of where it arises. (Doc. # 12, p. 12). The MEL expressly states that "[t]his MEL . . . govern[s] *every* matter assigned to [Hill]," and contains no geographic limitations as to where the agreement applies. (Doc. # 12, p. 2 (emphasis added)). Thus, by its plain terms, the MEL applies to every matter Hill handled on Walmart's behalf – in Colorado and elsewhere.

## IV. CONCLUSION

For the foregoing reasons, Walmart's Motion to Compel Arbitration (Doc. # 13) is GRANTED. It is ORDERED that this case shall be administratively closed until the completion of arbitration. It is FURTHER ORDERED that the parties shall file a status update within 60 days, and every 60 days thereafter, informing the Court of the status of the arbitration and advising the Court whether this case can be closed.

DATED: July 16, 2021          BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge